## Cohen v. Rapaport

*Louis Cohen,* for plaintiff.

*D. J. Boyle,* for defendant.

FORTNEY, P. J., November 24, 1947.—This proceeding is now before us upon a rule to show cause why an appeal from the judgment of a justice of the peace should not be stricken off.

Plaintiff, on June 27, 1947, obtained a judgment against defendant for the sum of $300 and costs. On July 21, 1947, defendant caused an appeal from said judgment to be entered in this court to the above number and term.

On September 8, 1947, plaintiff presented his petition and there was issued thereon a rule against defendant to show cause why said appeal should not be stricken off.

There is but one reason assigned in the petition of plaintiff in support of his contention, viz: "That contrary to and in violation of the Uniform Rules of Court of Northumberland County, defendant failed to notify plaintiff in writing within five days of the filing of the said appeal."

The specific rule of court to be interpreted is Rule 4 of the Common Pleas Rules, which is stated as follows:

"IV. Appeals from justices of the peace, magistrates or aldermen.

"1. In all civil actions brought into court on appeal from magistrates, justices of the peace, or aldermen,

the appellant shall within five days give written notice to the opposite party of the filing of the appeal and proof of service thereof shall be filed of record. Within fifteen days after the service of notice the plaintiff shall file a statement of his cause of action and serve a copy thereof, together with a demand for an affidavit of defense, to be filed within fifteen days and thereafter the proceedings shall be the same as in actions originally brought in the common pleas."

The issue to be determined is whether or not appellant, Rapaport, complied with this rule of court.

The transcript of appeal from the docket of the justice of the peace shows this to be an action of assumpsit brought by plaintiff against defendant for the sum of $300, for professional services. We are familiar with at least a portion of the service performed by plaintiff on behalf of defendant, for the reason that the case was tried before the writer of this opinion.

In his answer filed to the petition for the rule, defendant admits he failed to notify plaintiff in writing of the filing of the appeal, but avers that plaintiff had notice of the filing of the appeal at the time of the hearing before the justice of the peace and from defendant's attorney and from defendant himself. In discussing the interpretation of this rule, Judge Rupp of the Dauphin County courts says in Dimeler v. Taylor, 54 Dauphin 1: "Verbal notice of an intention to appeal can not be construed as compliance with, nor can it be substituted for, the mandates of the rule." The answer of defendant further sets forth that his counsel, at the time of the taking of the appeal, was from an adjoining county and was not familiar with the rules of court of this county. This allegation has absolutely no merit and is no reason for failure to comply with the rule of court.

It has been repeatedly held if the local rules of the several courts are to be respected and obeyed they must be enforced: Everhard v. Reist, 33 Dauphin 295. See

also Specht v. Moyer, 10 D. & C. 311. See also Dimeler v. Taylor, 54 Dauph. 1.

This rule of court requires something to be done which was not done to perfect the appeal. It would hardly be consistent for us to arbitrarily override our own rules of court.

We, even with our familiarity of the matter, can find no extenuating circumstances which might warrant the granting of permission to give notice and file the proof of service thereof nunc pro tunc.

We, therefore, conclude that the motion of plaintiff must prevail, and make the following

### Order

And now, to wit, November 24, 1947, the rule to show cause why the appeal should not be stricken from the record is hereby made absolute.